

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MIKELL LAMAR BROWN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:13-CV-709-O |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Mikell Lamar Brown, TDCJ #01773927, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), in Tennessee Colony, Texas.

Respondent William Stephens is the Director of TDCJ.

## C. Factual and Procedural History

Petitioner is serving a three-year sentence on his 2012 state conviction for theft of a motor vehicle in the 297th District Court of Tarrant County, Texas, Case No. 1271397W. (SHR[1] at 33) Although eligible for mandatory supervision release, the Texas Board of Pardons and Paroles (the Board) denied petitioner's release on August 3, 2012, and most recently on May 9, 2013, pursuant to § 508.149(b) on the Texas Government Code.[2] (*Id.* at 18; Resp't Ans, Ex. A at 2) Petitioner's next review date has been set for May 2014. (Resp't Ans, Ex. A at 2) Petitioner filed a state habeas application, raising the claim presented herein, which was denied by the Texas Court of Criminal Appeals without written order on the findings of the trial court. (SHR at cover, 7-8, 24-25) This federal petition followed.

## D. Issues

Petitioner claims the Board has not followed the proper procedures in denying his release to mandatory supervision, in violation of constitutional due process. (Pet. at 6 & Attach.) Specifically, petitioner asserts the Board's notice that he would be reviewed for mandatory supervision release was inadequate because it did not specify the specific month and year of the actual review. (*Id.*) He

---

[1] "SHR" refers to the record of petitioner's state habeas Application No. WR-75,311-03.

[2] Section 508.149(b) provides:

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
> (2) the inmate's release would endanger the public.

Tex. Gov't Code Ann. § 508.149(b) (West 2012).

complains that he was notified on February 6, 2013, that he would be reviewed for release and given 30 days to submit information to the Board, which did not vote until May 9, 2013. (Resp't Ans, Ex. A at 1-2) He asserts he was "harmed because had he known that his parole hearing was going to be conducted he would have used all of the time right up to" the date the Board voted on May 9, 2013, to submit letters of support from family members, friends, and employers. (Pet'r Reply at 2)

### E. Rule 5 Statement

Petitioner has sufficiently exhausted his state remedies as to the claims presented. 28 U.S.C. § 2254(b),(c). (Resp't Ans at 3-4)

### F. Discussion

*1. Legal Standard for Granting Habeas Corpus Relief*

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*,

529 U.S. at 407-08.

The statute further requires that federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, typically it is an adjudication on the merits, which is entitled to the presumption. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Under these circumstances, a federal court may assume that the state court applied correct standards of federal law to the facts, unless there is evidence that an incorrect standard was applied. *Townsend v. Sain*, 372 U.S. 293, 314 (1963)[3]; *Catalan v. Dretke*, 315 F.3d 491, 493 n.3 (5th Cir. 2002); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.

2. *Petitioner's Claim*

A habeas corpus applicant under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *See Narvaiz v. Johnson*, 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest to release prior to expiration of petitioner's sentence must arise from state law.

---

[3]The standards of *Townsend v. Sain* have been incorporated into 28 U.S.C. § 2254(d). *Harris v. Oliver*, 645 F.2d 327, 330 n.2 (5th Cir. 1981).

4

Both the Fifth Circuit and the Texas courts have held that the Texas mandatory supervision scheme creates a constitutional expectancy of early release entitled to minimum due process protection. *Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In this context, constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be heard–*i.e.,* an opportunity to tender or have tendered to the Board information in support of release. *Ex parte Geiken*, 28 S.W.3d at 559-60. Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release and the specific month and year of his next review. *Id.*; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

The state habeas court addressed petitioner's claim as follows:

> Applicant appears to assert that the thirty day notice given him in regard to review of his eligibility and potential release to mandatory supervision was inadequate.
>
> The Court of Criminal Appeals has held that an inmate is deprived of due process of law where there was inadequate notice that the parole board would be considering release on mandatory supervision. Specifically, an inmate is entitled to timely notice from the Board and a meaningful opportunity to be heard before review for mandatory supervision release. This notice is required "to allow inmates to 'submit any information that they feel relevant to the Board decision,' . . . and an inmate must receive at least thirty days' advance notice of the month and year of review."
>
> In the instant case, Applicant was served with a notice of initial discretionary mandatory review on February 6, 2013. That notice stated that he had thirty days to respond and that a review would not occur until after the response period had expired and no earlier than sixty days before his projected release date. The notice listed Applicant's projected release date as being May 31, 2013. Applicant does not show that a decision was made outside of these parameters.

5

>    Accordingly, the Court FINDS that Applicant has not shown that he was denied adequate notice in the present matter and Applicant's request for relief should be denied.

(SHR at 24-25) (citations omitted)

The Texas Court of Criminal Appeals followed that recommendation based on the trial court's findings. (SHR at cover) Petitioner fails to rebut the state habeas court's findings of fact with clear and convincing evidence and further fails to demonstrate that he is entitled to federal habeas relief.

The core of federal procedural due process is the right to notice and a meaningful opportunity to be heard. *LaChance v. Erickson*, 522 U.S. 262, 266 (1998). Petitioner was given advanced notice each time that the Board reviewed his case, he was invited to submit information well ahead of the date the Board reviewed his case, and the Board advised him of the statutory reasons for denying his release to mandatory supervision and the month and date of his next review, which afforded him with all process due under the circumstances. *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 16 (1979).

Moreover, to establish a denial of procedural due process, petitioner must show substantial prejudice. *Davis v. Mann*, 882 F.2d 967, 975 (5th Cir. 1989); *Keough v. Tate County Bd. of Educ.*, 748 F.2d 1077, 1083 (5th Cir. 1984). Despite his protests that he was denied sufficient notice and an opportunity to present favorable information to the Board, petitioner did not produce any so-called letters of support from family members, friends, or employers in the state habeas proceedings that he intended to submit in support of his release, nor does he submit that evidence in the present proceedings. He makes no showing whatever that any lack of notice prevented him or others acting on his behalf from submitting information that was material to or might have changed the Board's

decision. Without a showing of prejudice attributable to the alleged procedural defect, no relief is warranted.

Petitioner has not demonstrated that the Board's decision, or the state courts' rejection of his claim, is contrary to clearly established federal law or is otherwise unreasonable in light of the evidence before the state courts. 28 U.S.C. § 2254(d). As a matter of state and constitutional law, it appears petitioner was afforded all the due process he was entitled.

## II. RECOMMENDATION

Based on the foregoing, it is recommended that petitioner's petition for a writ of habeas corpus be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 29, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that

are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November 29, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 8, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE